UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-380-02-F
No. 5:10-CV-305-F

| | | |
|---|---|---|
| JUSTIN LEE ROBERSON,<br>    Movant, | )<br>)<br>) | |
| v. | )<br>) | O R D E R |
| UNITED STATES OF AMERICA<br>    Respondent.. | )<br>)<br>) | |

This matter is before the court for initial consideration of Justin Lee Roberson's ("Roberson") "Motion to Vacate, Set Aside or Correct his Sentence" [DE-76], pursuant to 28 U.S.C. § 2255, filed August 2, 2010. Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Pursuant to a Memorandum of Plea Agreement [DE-59] with the Government, Roberson pled guilty to Counts One, Three and Four of a four-count indictment, charging him with (1) conspiracy to commit armed bank robbery and aiding and abetting; (3) use of a firearm during and in relation to a crime of violence and aiding and abetting; and (4) possession of a stolen firearm and aiding and abetting. The court allowed the Government's motion to dismiss Count Two at sentencing.

Roberson was sentenced on July 22, 2009, to a 90-month term of imprisonment, consisting of 30 months on each of Counts One and Four, and 60 months on Count Three, to be served consecutively to the sentences imposed in Counts One and Four. In addition, Roberson's sentence included three years' supervised release as to each count, to run concurrently. He was

ordered to pay a $4,000 fine and a $300 special assessment. Roberson's Plea Agreement contained a valid appeal waiver and waiver of his right to collaterally attack his conviction or sentence, except on grounds of prosecutorial misconduct or ineffective assistance of counsel. Roberson did not appeal his conviction or sentence.

Because he did not appeal, Roberson's conviction and sentence became final for § 2255 purposes fourteen days after July 22, 2010. According to the time and date stamp on the envelope processed in the mailroom at FCI Tallageda, Roberson delivered his § 2255 motion to prison officials for mailing on July 23, 2010, at 12:00. Roberson's motion, therefore, is deemed timely. *See, e.g.,* Rule 3(d), RULES GOVERNING SECTION 2255 CASES (providing that filing by an inmate is deemed timely filed "if deposited in the institution's internal mailing system on or before the last day for filing").

Although Roberson's § 2255 motion is timely, it states no legal or factual basis for relief. Roberson, who was represented by competent counsel at all stages of prosecution, and who entered a guilty plea pursuant to a Memorandum of Plea Agreement, raises five claims:

First, Roberson complains that after his arrest he did not have a first appearance for four or five days, that his state court-appointed counsel was not appointed for ten days thereafter and that only upon his next appearance in court did he meet his appointed counsel. He contends the "tactical delay" violated his Sixth Amendment rights.

Second, Roberson complains that he was not afforded a two-point reduction as a "first offender" when he was sentenced in this case. He suggests that his federal court-appointed lawyer was ineffective in allowing this oversight.

Third, Roberson contends his attorney should have filed a motion to suppress evidence of the firearms and ammunition the police recovered from the trunk of his vehicle on

the date of his arrest, in violation of the Fourth Amendment. It appears he basis his argument on the contention that the items were not "in plain view."

Fourth, Roberson complains he was denied "full disclosure" because he was not allowed to hear a covertly-recorded conversation between himself and "Wojack" prior to entering his guilty plea. He avers that his lawyer forced him into signing a plea agreement by advising he would lose the three-point reduction in his advisory sentencing guideline calculation for acceptance of responsibility unless he promptly entered into the plea agreement. Accordingly, he contends that he was denied a "complete defense" accorded him by the Constitution.

Finally, Roberson explains that this court lacked jurisdiction to adjudicate his case because he was arrested "on state soil." He contends his lawyer should have moved to dismiss this prosecution for lack of federal jurisdiction.

This court found in open court during Roberson's Rule 11 hearing that his guilty plea was knowing and voluntary. A knowing and voluntary guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment and challenges to defects in the indictment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Roberson's guilty plea also waived his right to contest the factual merits of those charges. *See United States v. Willis*, 992 F.3d 489, 490-91 (4th Cir. 1993).

Moreover, Roberson's Memorandum of Plea Agreement contained a "Wiggins waiver," which provides in pertinent part:

> To waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed including any issues that relate to the establishment of the advisory guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory guideline range that is established at sentencing, and further, to waive all rights to contest the conviction or sentence in any post-

3

> conviction proceeding, including one pursuant to 28 U.S.C. §
> 2255, excepting an appeal or motion based upon grounds of
> ineffective assistance of counsel or prosecutorial misconduct not
> known to the Defendant at the time of the Defendant's guilty plea.

Memorandum of Plea Agreement [DE-59] ¶ 2(c). The terms of that informed and voluntary waiver of post-conviction motions excluded motions based on ineffective assistance of counsel or prosecutorial misconduct not known to him *at the time he entered his guilty plea.* At the time he entered his guilty plea, Roberson was aware of the facts that formed the basis of his first, third and fourth § 2255 claims. Those challenges are not reserved, but, rather, fall within the valid waiver of post-collateral review of his attorney's representation.

As to his second claim – that he should have received a two-point reduction in the calculation of his advisory guideline range for being a first-offender – the court assumes Roberson is referring to the "safety valve" provision contained in the advisory United States Sentencing Guidelines ("USSG"). *See* USSG § 5C1.2(a). Roberson however, was not qualified for the safety valve adjustment.

According to the uncontested factual predicate for Roberson's guilty plea, he and a co-conspirator stole a shotgun from a co-worker's vehicle for use in the planned armed robbery of the Fort Still National Bank in Fayetteville, North Carolina. Roberson agreed to carry the shotgun into the bank. The robbery attempt was foiled, however, when the police Emergency Response Team, acting on information obtained from a wiretap, arrested the would-be bandits as they packed their robbery tools into Roberson's car. The search incident to arrest revealed, *inter alia*, the stolen Mossburg shotgun in the trunk.

A defendant who otherwise would be qualified for application of the safety valve provision becomes ineligible if he used violence or credible threats of violence, or possessed a firearm or other dangerous weapon, or induced another participant to do so in connection with

the offense. *See* USSG § 5C1.2(a)(2). The burden is on a defendant to prove the existence of the five pre-requisites for the safety valve set forth in USSG § 5C1.2(a). *See United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997). The unchallenged evidence here demonstrates that Roberson *himself* acquired (by stealing), possessed and intended personally to carry the stolen Mossburg shotgun into the bank. That conduct prevented him from receiving a safety-valve reduction in the calculation of his advisory USSG range.

Finally, Roberson suggests that this court lacked subject matter jurisdiction to hear and adjudicate the charges against him because the crimes did not occur on land "ceded" to the United States. His claim in this regard is specious. Roberson pled guilty to conspiracy to commit armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 371. One element of the federal offense of armed robbery under 18 U.S.C. § 2113(a), (d) is that the institution from which the money was stolen (or, as here, was planned to be stolen), was a "bank, credit union, or any savings and loan association." Subsection (f) defines a "credit union" as that term is used in § 2113(a). In pleading guilty to Count One – conspiracy to commit armed bank robbery and aiding and abetting under § 2113(a), (d) and § 2, in violation of § 371, Roberson admitted the existence of all elements of that offense.

## SUMMARY

Accordingly, the court finds it plainly appears from the motion and the prior proceedings in this case that Roberson is not entitled to relief on his § 2255 motion. Accordingly, the Roberson's § 2255 motion [DE-76] is DISMISSED pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS.

Furthermore, after reviewing the claims presented in the instant § 2255 petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Roberson's claims debatable or wrong, and none of the issues are adequate

5

to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED. Rule 11 (c)(1)(B), (2), Rules Governing § 2255 Proceedings.

SO ORDERED.

This, the 4th day of August, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge